BEROUJOHN et al. vs. MAYOR, ALDERMEN, &c., OF MOBILE.

[ACTION BY MUNICIPAL CORPORATION ON BOND OF CITY SEXTON.]

1. *By-law of municipal corporation imposing unequal tax for maintenance of public burial grounds and burial of paupers, declared void.*—It is the duty of a municipal corporation to maintain public burial grounds and to bury paupers, and the expense attendant on the discharge of this duty should in justice be apportioned among all the corporators; therefore a by-law, declaring that the city sexton, whose fees are paid out of the estates of the persons whom he buries, " shall expend, under the supervision of the committee on public

grounds, five hundred dollars on the public burial grounds, and bury the paupers free of charge," is unreasonable, unjust, and void.

APPEAL from the City Court of Mobile.

Tried before the Hon. ALEX. MCKINSTRY.

THIS action was brought (under the Code) by the mayor, aldermen and common council of the city of Mobile, against Claude Beroujohn and the sureties on his official bond as city sexton. The complaint, after setting out the condition of the bond declared on, avers the following breaches : "And plaintiff says, that the condition of said bond has been broken in this : first, that the said Beroujohn has failed to execute and perform all the duties of said office of city sexton, according to the provisions of the charter of said city and the several amendments thereto ; 2dly, that said Beroujohn was elected under and by virtue of an ordinance entitled 'an ordinance amendatory to the ordinances now in force relative to the office of city sexton,' duly passed by plaintiff and approved by the mayor on the 28th day of February, 1853, which ordinance is in full force as to the duties which were incumbent on the said Beroujohn in said office, and is as follows :

'Section 1. Be it ordained by the mayor, aldermen, and common council of the city of Mobile, that there shall be elected, on the first Monday of March, 1853, a city sexton for the remainder of the municipal year, who shall expend five hundred dollars on the public burial grounds, and bury the paupers free of charge.

'Section 2. Be it further ordained, that the expenditure of the said sum of money shall be under the supervision of the committee on public grounds.

'Section 3. Be it further ordained, that all ordinances and parts of ordinances, conflicting with the above, be, and the same are hereby, repealed.'

And the said Beroujohn has wholly failed to comply with any of the requirements contained in the provisions of said ordinance."

The defendant demurred to the complaint, on the ground, 1st, "that said ordinance is illegal and void, and gives no right of action to plaintiff;" 2d, "that the said ordinance of the first Monday in March, 1853, is illegal and void, and

therefore there is no legal breach of said bond;" and 3d, "that the complaint does not show a breach of the bond, in consequence of the non-performance of any duty the defendant was legally bound to perform." The court overruled the demurrer, and its ruling is now assigned for error.

E. S. DARGAN, for the appellants, contended that the bond declared on was illegal and void, because it was intended to cover the ordinance which required the sexton to bury all paupers free of charge, and to expend five hundred dollars on the public burial grounds; that this was a duty resting on the corporation, the burden of which ought to be borne as a common expense; that the effect of the by-law, in forcing the sexton to bury the pauper dead free of charge, and to expend a large sum in beautifying the public burial grounds, was to make "the dead bury the dead"; that the sexton would be thus compelled to seek indemnity for these expenses from the estates of those deceased persons who were able to pay; that this was an indirect tax on the estates of decedents, of which the living bore no part; that this tax was unequal and partial in its character, and therefore contrary to the fundamental law. He cited the City Charter, Pamphlet Acts 1844, p. 33, § 26; Story on Contracts, §§ 545, 546; Story's Equity, vol. 1, §§ 295, 296, and cases there cited.

JNO. T. TAYLOR, contra. (No brief on file.)

GOLDTHWAITE, J.—It is unquestionably the duty of the city government to keep up the public burial grounds, and to bury the paupers; and as all the corporators are interested in the discharge of this duty, in justice all should bear some portion of the burden it imposes; and if the corporation was to pass a by-law, the effect of which was to throw the whole expense upon a particular class of the corporators, it would be so manifestly unjust, that no court could, we think, hesitate to declare it void as being unreasonable. Ang. & Ames on Corp. § 347. Neither would it make any difference, in principle, whether the by-law accomplished this result directly, or effected it by indirect means. In either aspect, it would be equally objectionable. The

Beroujohn et al. v. Mayor, Aldermen, &c., of Mobile.

sexton is paid out of the estates of those to whom his services are rendered, and it is from that source he is to be reimbursed for the expenses he incurs in the discharge of the duties which the ordinance requires him to perform. If the expense was great, it would tend to undue exactions upon such estates; and this would be the case, although his charges might be regulated by the municipal authorities, since, to induce any one to take the office, the rates must be so fixed as to cover the expense and trouble of all the duties which the law requires him to perform. If the corporation had said that the estates of those who should be interred in the public burial grounds, or of those who were buried by the public sexton, should bear the expense of building a market house, or the cost of any other public improvement, it would be in opposition to the spirit and policy of the charter, as its tendency would be to levy an indirect tax upon a portion of the population only, and thus to disturb that equality of burden which it was the object of the fundamental law to provide against, by requiring that all taxable property should contribute to the expenses of the corporation only in proportion to its value, "making no distinction as to any person."—Acts 1843-4, p. 182, § 19. We can see no difference, in principle, between the case put, and the one presented by the record. The burial of paupers, and maintaining the burial grounds, is, in every sense of the word, a public corporation duty, the expense of which should be borne by the city ; and the ordinance, by apportioning it unequally, is in spirit opposed to the law of the charter, and therefore void.

From what we have said, it follows that the court should have sustained the demurrer to the complaint ; and as the correct action of the court below in this respect, will be decisive of the case, as now presented, it is unnecessary to go into an examination of the other questions.

Judgment reversed, and cause remanded.